UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
UNITED STATES OF AMERICA,

                                          Petitioner,

                                v.                                                        9:09-CV-0603
                                                                                            (TJM)

SYLVIA JENKINS,[1]

                                          Respondent.
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
APPEARANCES:                            OF COUNSEL:

SYLVIA JENKINS
Petitioner, *pro se*

THOMAS J. MCAVOY
UNITED STATES DISTRICT JUDGE

## DECISION and ORDER

      The Clerk has sent to the Court for review a petition for a writ of habeas corpus filed by petitioner, *pro se* Sylvia Jenkins pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition").[2] This action has been transferred to this District by the May 22, 2009 Order of United States District Judge J. Frederick Motz of the District of Maryland. Dkt. No. 3.

      In her pleading, petitioner complains of a judgment rendered in Syracuse City Court wherein she claims that she was convicted, following her guilty plea, of the charges of violating the

---

[1] The Court has listed the caption of this action as it was prepared by petitioner in her pleading.

[2] Although Jenkins' submission to the Court was completed on a form Motion to Vacate a Sentence under 28 U.S.C. § 2255, *see* Petition, because her pleading challenges a state court conviction, it is properly considered an action brought under 28 U.S.C. § 2254. *E.g.*, *Shehadeh v. United States*, No. 5:05-CV-1309, 2008 WL 630473, at *3 (N.D.N.Y. Mar. 5, 2008) (Scullin, J.) ("Courts should characterize *pro se* petitions according to the relief they seek and not according to the label that *pro se* prisoners, who are unschooled in the law, give to them") (citation omitted).

terms of her probation and petit larceny. *See* Petition. The overall sentence imposed on Jenkins following these convictions is not clearly stated by Jenkins in her petition. *See* Petition at ¶ 3.[3] Petitioner contends that her appeal of that conviction is still pending. *Id.* at ¶ 8.

It is well-settled that a federal district court: " 'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State ....' " *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001)); *see also Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994). This is because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. at 844-45 (1999)) (other citations omitted). As the Supreme Court noted in *O'Sullivan*, "[c]omity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.*, 526 U.S. at 844 (citations omitted); *see also Galdamez*, 394 F.3d at 72 (citation omitted).

It is clear from Jenkins' petition that she has not fully exhausted her state court remedies prior to commencing this action; she candidly states that her appeal of her conviction is "in process" in the state courts, and that the grounds raised in this matter are "pending." *See* Petition at ¶ 8.[4]

Perhaps recognizing the fact that this matter was commenced prematurely, Jenkins has indicated in her petition that she filed this action "ahead of the estimated one year period," *see id.* at

---

[3] Jenkins states that the length of her sentence is "nine plus nine months." Petition at ¶ 3.

[4] Petitioner has also declared that she has filed various motions challenging her sentence in state court that are currently pending in that court. *See* Petition at ¶ 12.

¶ 13, an apparent reference to the one-year limitation period applicable to actions brought under 28 U.S.C. § 2254 in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" imposed by the AEDPA.  *See* 28 U.S.C. § 2244(d)(2). Thus, the state court appeal Jenkins has filed regarding her convictions has tolled the AEDPA's statute of limitations.  *See* 28 U.S.C. § 2244(d)(2); *see*, *e.g.*, *Frase v. McCray*, No. 9:01-CV-1704, 2003 WL 57919, at *4 (Jan. 8, 2003) (Sharpe, J.) (filing of appeal tolls AEDPA's statute of limitations).[5]

Because this action was plainly commenced before Jenkins fully exhausted her state court remedies regarding the convictions challenged herein, this Court dismisses this action, without prejudice.  Once Jenkins has fully exhausted in the state courts all of the claims she wishes to assert as grounds for federal habeas intervention, she may, at that time, commence her action in this

---

[5] The filing of the present federal habeas corpus petition, by contrast, does not toll the AEDPA's limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

3

District pursuant to 28 U.S.C. § 2254 challenging her Syracuse, New York convictions.

**WHEREFORE**, it is hereby

**ORDERED**, that Jenkins' petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for the reasons stated above, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the petitioner.

**IT IS SO ORDERED.**

Dated: Thursday; May 28, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge